IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION No. 1:05cv967- |
| | ) |
| UNIFIRST CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

COMES NOW Defendant UniFirst Corporation ("UniFirst") and gives notice that the case captioned *Patricia Malone v. UniFirst Corporation,* Civil Action Number CV-05-350-L, is hereby removed from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 and § 1446. As and for its Notice of Removal, UniFirst says unto the Court as follows:

1. On June 10, 2005, Plaintiff filed a Complaint against UniFirst in the Circuit Court of Houston County, Alabama. UniFirst was served with a copy of Plaintiff's Complaint on August 2, 2005. A true and correct copy of all process, pleadings, and orders served upon UniFirst is attached hereto as Exhibit A and incorporated by reference.

2. The precise nature of Plaintiff's claim(s) in her initial Complaint were very difficult, if not impossible, to discern. It appeared that Plaintiff was referencing an injury she claims she suffered at work and was potentially asserting a workers' compensation claim arising from that injury.[1] The third sentence of Plaintiff's Complaint stated that "I have sustained a

---
[1] A state workers' compensation claim is deemed "nonremovable" under 28 U.S.C. § 1445(c).

medical injury on the job or as a result of being on the job." However, because of the lack of clarity contained in her initial Complaint, UniFirst filed a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement on August 26, 2005.

3. On September 13, 2005, Plaintiff filed a document titled "Motion to Proceed – Motion to Amend Complaint" in which she attempted to more clearly state the claim she asserts in this case. From a review of this document (a copy of which is attached), it appears that Plaintiff is attempting to assert an equal protection claim under the Fourteenth Amendment to the United States Constitution. Specifically, Plaintiff claims that UniFirst denied her rights to equal protection because it would not allow her to work following her 1998 wrist injury while UniFirst allowed another employee, Tommy Thorn, to work despite an injury that required him to wear a neck brace/halo. (*See* Paragraph 2 of Plaintiff's Motion to Proceed – "I feel very strong[] that my 14th Amendment was violated because I was never given equal protection as my counterparts received under the law.").

3. Based on the allegations contained in Plaintiff's Motion to Proceed, it appears, as of September 13, 2005, that this action is removable under 28 U.S.C. § 1441 because it originally could have been filed in this Court under 28 U.S.C. § 1331, in that Plaintiff's primary claim against Defendant arises under the Fourteenth Amendment to the United States Constitution.

### THIS CASE IS REMOVABLE UNDER THIS COURT'S FEDERAL QUESTION JURISDICTION.

4. Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As

Plaintiff's action arises under the Fourteenth Amendment to the United States Constitution, over which this Court has original jurisdiction, this case is proper for removal under § 1441.

### ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED.

5.  Removal of this action is proper, as all prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

6.  This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

7.  UniFirst was served with Plaintiff's Amended Complaint on September 10, 2005 (according to her certificate of service) and as such this removal is timely under 28 U.S.C. § 1446(b) as this Notice of Removal is filed within thirty (30) days after it became apparent that Plaintiff was asserting a federal constitutional claim and that this case was removable.

8.  Defendant has not previously sought similar relief in this case.

9.  Written notice of the filing of this Notice of Removal will be given to all parties of record as required by law.

10. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Houston County, Alabama and served on Plaintiff.

11. Should any question arise as to the propriety of the removal of this action, UniFirst requests the opportunity to submit a brief and present oral argument to show that this case clearly is removable under controlling federal law.

**WHEREFORE, PREMISES CONSIDERED**, UniFirst, desiring to remove this civil action to the United States District Court for the Middle District of Alabama, Southern Division, the District encompassing the county in which such civil action is pending, prays that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

*[signature]*

Stuart D. Roberts

One of the Attorneys for Defendant
UniFirst Corporation

OF COUNSEL:

MAYNARD, COOPER, & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 6th day of October, 2005, served a copy of the above in the United States Mail, properly addressed and first class postage prepaid, to:

Patricia A. Malone
Post Office Box 6753
Dothan, Alabama 36320

*[signature]*

OF COUNSEL

4