IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA MALONE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION No. 1:05CV967-T |
| | ) |
| UNIFIRST CORPORATION, | ) |
| | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT UNIFIRST CORPORATION'S RESPONSE TO THE COURT'S
SHOW CAUSE ORDER OF OCTOBER 13, 2005**

Defendant UniFirst Corporation ("UniFirst") hereby responds to this Honorable Court's Order of October 13, 2005 asking UniFirst to show cause as to why the above-referenced lawsuit should not be remanded to the Circuit Court of Houston County, Alabama, from which it was removed on October 5, 2005. For the reasons set forth herein and in UniFirst's previous pleadings, this matter was properly removed to this Court within thirty days of the date on which it became removable under 28 U.S.C. § 1446(b).

    1.    Plaintiff Patricia Malone ("Plaintiff") filed her initial complaint in this matter in the Circuit Court for Houston County, Alabama on June 10, 2005. Plaintiff's complaint consisted of a single paragraph covering approximately two pages of text. In this paragraph, Plaintiff made various factual allegations against UniFirst relating to her employment, but, at first blush, it appeared to UniFirst that the crux of her complaint (and the actual claim she was asserting) was that she was not properly compensated for her work-related injury by UniFirst – a claim that would be governed by the Alabama Workers' Compensation Act, ALA. CODE §§ 25-5-1 *et seq.*. Specifically, Plaintiff alleged that she had "sustained a medical injury on the job or as a result of being on the job."

Plaintiff also complained that this work-related injury "caused me to become without income to support my household." Finally, Plaintiff concluded her complaint by asking the Court "to consider my request and apply the Law as necessary and required within the level of authority in the State of Alabama." Although Plaintiff did make a single reference to the United States Constitution, it did not appear to UniFirst that she intended to assert a separate constitutional cause of action or any claim outside of the Alabama Workers' Compensation Act.[1]

    2.    Because Plaintiff's complaint, although extremely vague, appeared to constitute a claim for workers' compensation benefits under Alabama law, UniFirst's workers' compensation carrier initially agreed to provide UniFirst with a defense of Ms. Malone's claims. However, because of the wholly vague nature of her claims, UniFirst filed a Motion to Dismiss or in the Alternative, Motion for a More Definite Statement on August 24, 2005. It was hoped that this motion would, at a minimum, require Plaintiff to clarify the nature and scope of her claims in this lawsuit.

    3.    In response to UniFirst's Motion to Dismiss/Motion for More Definite Statement, Plaintiff filed a document entitled "Motion to Proceed/Motion to Amend Complaint" on September 13, 2005. In this pleading, Plaintiff finally clarified the nature of her claim. Specifically, Plaintiff alleged that UniFirst denied her rights to equal protection under the Fourteenth Amendment to the United States Constitution because it would not allow her to work following her 1998 wrist injury while UniFirst allowed another employee, Tommy Thorn, to work despite an injury that required him to wear a neck brace/halo.

    4.    Based on Plaintiff's allegations in her Motion to Proceed, UniFirst finally understood that Plaintiff intended to assert a distinct claim against it arising under the Equal Protection Clause of

---

[1] A state workers' compensation claim is explicitly "nonremovable" under 28 U.S.C. § 1445(c).

2

the Fourteenth Amendment to the United States Constitution. As a result, UniFirst determined that jurisdiction over Plaintiff's claims properly rested within this Court and removed this case on October 6, 2005, fewer than thirty days after Plaintiff filed her Motion to Proceed.

5.   In the Court's "Show Cause" order, the Court cites a the single sentence in Plaintiff's initial complain in which she referenced her equal protection rights under the United States Constitution. However UniFirst avers that the quoted language, when read within the context of the entire rambling paragraph that constituted Plaintiff's initial complaint, it is far from apparent that Plaintiff intended to assert a separate cause of action under federal law. It was only after Plaintiff filed her Motion to Proceed that it became clear the Plaintiff was asserting claims arising under rights created under federal law (specifically, the Fourteenth Amendment to the United States Constitution).

6.   For the reasons set forth above, it appears that the present matter did not become removable until Plaintiff filed her motion to proceed on September 13, 2005 and clearly stated her intention to assert a federal cause of action in this matter. Accordingly, UniFirst asserts that its removal of this case was undertaken within thirty days after this case became removable and should not be remanded to the Circuit Court of Houston County, Alabama.

      Respectfully submitted,

      /s/ Stuart D. Roberts
      Stuart D. Roberts
      One of the Attorneys for Defendant
      UniFirst Corporation

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama  35203
(205) 254-1000

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing upon the following by depositing in the United States Mail a copy of the same in a properly addressed envelope with adequate postage affixed thereto as follows:

>Patricia A. Malone
>Post Office Box 6753
>Dothan, Alabama  36302

This 19th day of October, 2005.


                                           /s/ Stuart D. Roberts
                                           OF COUNSEL