IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV967-T |
| | ) | |
| UNIFIRST, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In the complaint filed in this action on June 10, 2005 and served on the defendant on August 2, 2005, the *pro se* plaintiff alleged facts describing an on-the-job injury and resultant medical treatment. She further alleged:

> I have not received the proper considerations for m[y] circumstances within the guidelines of the [defendant's] regulations, the State of Alabama Laws as well as the U.S. Constitution with respect to 'protecting or guaranteeing me Equal protection under the law'. As of two months ago it was brought to my attention that: another employee was injured and allowed to work to take care of a family without any second thoughts.

(Complaint, pp. 1-2). Defendant removed the action to this court on October 7, 2005, over two months after it was served with the summons and complaint. Defendant acknowledges that plaintiff "did make a single reference to the United States Constitution," (Defendant's response to show cause order, Doc. # 8, ¶ 1). Nevertheless, defendant contends that it "did not appear to UniFirst that [plaintiff] intended to assert a separate constitutional

cause of action or any claim outside of the Alabama Workers' Compensation Act." (Id.).[1] Defendant argues that it did not understand that plaintiff intended to assert an Equal Protection claim under the United States Constitution until September 13, 2005, when plaintiff filed a "Motion to Proceed/Motion to Amend Complaint" in which she clarified her claim. (Id., ¶¶ 3-4). It contends that the case was not removable until it became apparent from plaintiff's September 13, 2005 "motion to proceed" that plaintiff asserts an equal protection claim under the Fourteenth Amendment to the United States Constitution. (See Notice of Removal).

However, upon a review of the allegations of the complaint, it is clear to the court that plaintiff asserted an equal protection claim pursuant to the United States Constitution. This claim was removable, and defendant failed to file a notice of removal within thirty days of service of the initial pleading as required by 28 U.S.C. § 1446(b).[2] Thus, the action was

---

[1] Defendant correctly notes that a state workers' compensation claim is not removable pursuant to 28 U.S.C. § 1445(c). However, a claim over which the court has federal question jurisdiction may properly be removed even if it is joined with a workers' compensation claim. See Reed v. The Heil Company, 206 F.3d 1055, 1057 (11th Cir. 2000)(remanding claim arising under workers' compensation laws but affirming summary judgment on ADA claim, stating, "the district court lacked jurisdiction to entertain Reed's retaliatory discharge claim. Reed's ADA claim, however, was properly before the district court.").

[2] In its show cause order, the court advised the plaintiff that if she "wishes to waive the issue of the timeliness of the removal and prosecute the case in this court rather than the state court, she should notify the court in writing on or before October 21, 2005." (Doc. #7, p. 2). Plaintiff's response to the show cause order is ambiguous. Plaintiff expresses her desire to "get this matter on the next available docket" but states that she wishes to proceed "without any waivers." (Doc. #9). In view of the latter language, the court cannot construe this document as a waiver of the timeliness

not timely removed and is due to be remanded to the Circuit Court of Houston County. Further, to the extent plaintiff asserts a claim arising under the workers' compensation laws of the State of Alabama, that claim is due to be remanded for lack of subject matter jurisdiction. See Reed, *supra*; 28 U.S.C. § 1445(c).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be REMANDED to the Circuit Court of Houston County, Alabama.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before **November 2, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on

---

issue. Plaintiff is advised that, if the recommendation of the undersigned Magistrate Judge is adopted by the District Judge, both her workers' compensation claim and her equal protection claim will be returned to the Circuit Court of Houston County for resolution. If plaintiff wishes to waive the issue of defendant's failure to timely remove the action to this court and have her equal protection claim considered by this court, she should notify the court by written objection to this recommendation. Plaintiff's waiver of the timeliness issue would not give this court jurisdiction over the workers' compensation claim, however, so any such claim would have to be litigated in state court.

3

appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 25th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE